# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:10-CV-72-RLV-DSC

| | |
|---|---|
| JENNIFER MARIE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMSYS IT PARTNERS, INC., et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**THIS MATTER** is before the Court on the pro se Plaintiff's "Verified Petition for Temporary Injunction" (document #49) and the Defendants' "Response..." (document #55) filed July 26, 2010. In her Motion, which the Court is treating as a Motion for Protective Order, Plaintiff seeks an Order prohibiting Defendants from destroying email correspondence which is relevant to this case.

It is well settled that a party has a duty to preserve evidence when the party is placed on notice that the evidence is relevant to litigation, or when the party should have known that the evidence may be relevant to future litigation. Silvestri v. GMC, 271 F. 3d 583, 591 (4th Cir. 2001). The duty to preserve encompasses electronic communications and documents, such as emails. Zubulake v. UBS Warburg, LLC, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003) (holding in employment discrimination case that defendant company had duty to preserve emails related to claims asserted by plaintiff, and ultimately requiring defendant to restore 77 backup disks in order to search for and produce those emails). In other words, "once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place 'a litigation hold' to

ensure the preservation of relevant documents." Zubulake, 220 F.R.D. at 218. Accord Thompson v. United States Dept. of Housing and Urban Development, 219 F.R.D. 93, 100 (D. Md. 2003) (party had duty not to delete responsive emails, discovery requests for deleted emails were proper).

"The failure to preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences." Thompson, 219 F.R.D. at 100. Spoliation is "the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Id. (quoting Silvestri, 271 F.3d at 590). If spoliation has occurred, then a court may impose a variety of sanctions ranging from dismissal or judgment by default, preclusion of evidence, imposition of an adverse inference, or assessment of attorney's fees and costs. Goodman v. Praxair Services, Inc., 632 F.Supp. 2d 494, 506 (D.Md. 2009) (citing In re NTL, Inc. Secs. Litig., 244 F.R.D. 179, 191 (S.D.N.Y. 2007)).

In their Response brief, Defendants affirm that they have and will continue to comply with their responsibilities to preserve evidence consistent with the case law discussed above. The Court concludes, therefore, that an Order reiterating those responsibilities is unnecessary. Accordingly, Plaintiff's Motion will be denied as moot.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Verified Petition for Temporary Injunction" (document #49), which the Court treats as a Motion for Protective Order, is **DENIED AS MOOT**.

2. The Clerk is directed to send copies of this Order to the pro se Plaintiff, to counsel for the Defendants, and to the Honorable Richard L. Voorhees.

**SO ORDERED**.   Signed: July 27, 2010

David S. Cayer
United States Magistrate Judge