# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv72

| | |
|---|---|
| JENNIFER MARIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| COMSYS IT PARTNERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on the following motions that are ripe for disposition:

(1) defendants' Motion to Dismiss Plaintiff's Amended Complaint (#4);

(2) defendant Karla Meador's Motion to Dismiss Plaintiff's Amended Complaint (#22);

(3) plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Defendants' Affirmative Defenses (#47); and

(4) the corporate defendant's Motion to Strike (#51) plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Defendants' Affirmative Defenses.

Relevant to those motions is plaintiff's Motion for Oral Argument (#40) in which she seeks a hearing on such motions, and which is moot as a hearing was conducted on April 27, 2011.

Also pending, but not noticed or addressed at the hearing, are the following motions:

(1) the corporate defendant's Motion for Judgment on the Pleadings (#57);

(2) plaintiff's Motion for Leave to File Second Amended Complaint (#61); and

(3) plaintiff's Motion for Temporary Injunction (#71).

The court will take up the request for injunctive relief herein as that can be resolved without further hearing.

## FINDINGS AND CONCLUSIONS

**I.    Background**

    **A.    Introduction**

In this action, which plaintiff has filed *pro se*, she asserts claims under the Americans with Disabilities Act (hereinafter the "ADA") and Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"). After working for defendant COMSYS for six months as an account representative, plaintiff's employment was terminated. When she departed, plaintiff negotiated and signed a "release of all claims" and received in consideration of such release $8,333.33. While not presently before the court for decision, defendants have moved for judgment on the pleadings, contending that plaintiff cannot state claims against them as plaintiff has released all claims. In response, plaintiff states that she signed the agreement under duress and that she was not mentally competent to sign the agreement as she was heavily medicated at the time. Despite claiming duress, plaintiff has not returned the funds to Defendant COMSYS.

    **B.    Procedural History**

Plaintiff filed her original Complaint on February 24, 2010. (#1). Plaintiff subsequently filed an Amended Complaint (#3) on March 8, 2010, wherein she alleged that she was discriminated and retaliated against by her former employer and certain of its employees in violation of the ADA.

In early 2010, after the Amended Complaint was filed, all defendants moved to dismiss and properly supported their motions with memoranda of law. Motions to Dismiss (#s 4 & 22). Among the grounds for dismissal was a contention that plaintiff had failed to properly serve Defendant COMSYS, and such defendant moved under Rule 12(b)(2), (4), & (5) to dismiss on that basis.

On April 30, 2010, COMSYS filed with the court a document captioned "Defendant COMSYS IT Partners, Inc.'s Acceptance of Service (#34). That document purports to accomplish three discrete tasks: (1) acknowledges acceptance of service as to the corporate defendant; (2)

stipulates that the effective date of service of the corporate defendant was April 21, 2010; and (3) states that "the other Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Doc. Nos. 4 and 22) remain pending." While not specifically stated, implicit in that document is a withdrawal by the corporate defendant of its service-based motions to dismiss under Rules 12(b)(2), (4), & (5).[1]

On May 12, 2010, Defendant COMSYS filed its Answer and Counterclaims (#39), wherein such defendant asserted as its Second Defense a release from all liability for actions and decisions that form the basis of this action. Defendant COMSYS has also asserted the release in the form of counterclaims for breach of contract and for unjust enrichment, inasmuch as plaintiff allegedly kept the proceeds of the release while bringing this action.

On June 28, 2010, plaintiff filed a pleading captioned "Motion to Dismiss Defendant COMSYS IT Partners, Inc.'s Counterclaims and Strike Defendant COMSYS IT Partners, Inc.'s Affirmative Defenses" (#47). In that motion, plaintiff states no legal basis for either dismissing the counterclaims or striking the affirmative defenses; rather, she seeks to argue the merits of those claims and defenses, as well as the merits of her termination and her application for unemployment benefits.

On July 2, 2010, plaintiff filed her *first* Motion for Temporary Injunction (#49). This motion was deemed by Honorable David C. Cayer, United States Magistrate Judge, to be a motion for protective order, and was quite properly denied as moot. Order (#56).

On July 15, 2010, Defendant COMSYS filed its Motion to Strike (#51) plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Defendants' Affirmative Defenses (#47).

On July 30, 2010, Defendant COMSYS, having previously Answered and counterclaimed, filed it Motion for Judgment on the Pleadings (#57). In that motion,

---

[1] Defendant COMSYS is advised that a cleaner method for withdrawing a motion to dismiss would be to file a Notice of Withdrawal of Motion to Dismiss. Withdrawing a dispositive motion in a document captioned and docketed as "Acceptance of Service" provides little notice, especially where the withdrawal is by implication. See generally L.Cv.R. 7.1(c)(2).

Defendant COMSYS ( consistent with its Second Defense and First Counterclaim) contends that plaintiff cannot state claims against it as plaintiff has released all claims. In response, plaintiff states that she signed the agreement under duress and that she was not mentally competent to sign the agreement as she was heavily medicated at the time.

On August 2, 2010, plaintiff filed her Motion for Leave to File Second Amended Complaint (#61). In that motion, plaintiff states that since filing her Amended Complaint, she has discovered additional information upon which she believes she can assert additional claims against Defendant COMSYS for Breach of Contract and for Recision of the Separation and Release Agreement. In response, defendants ask that consideration be tabled pending resolution of other dispositive motions. Response (#64).

On February 14, 2011, plaintiff filed her *second* Motion for Temporary Injunction (#71). Apparently, plaintiff's vehicle was either broken into or vandalized in a motel parking lot while she resided at such motel. She "suspect[s] that the vandalism was a direct result of her ignoring threats received by the hand of the Defendants or their Counsel ...." Id. In substance, plaintiff seeks to have the motel, whom she states is the "respondent" to such motion, to preserve the surveillance tape. As is clear from the Response (#72) to the already resolved Motion for Protective Order (#70), it is readily apparent that neither defendant nor its counsel have threatened plaintiff in any manner. Indeed, they appear to have conducted themselves most professionally in the their correspondence with plaintiff. Further, the putative respondent, Marriott International, Inc., has offered plaintiff a reasonable resolution to her request for preservation of video footage. (#72-2). The court will deny this motion as it is directed to an entity not party to this action, is based on patent speculation, and provides the court with no basis upon which any relief can be granted.

C. **Factual Background**

The only facts relevant to the motions that were noticed for hearing are that Defendant COMSYS is plaintiff's former employer; that Defendants Barker, Bell, Markham and Muscatell are all employees of COMSYS; and that Defendant Meador is a former employee of Defendant COMSYS. These facts are undisputed.

D. **Nature of the Noticed Motions**

All the individual defendants have moved to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, because the ADA and Title VII do not provide for individual liability. Defendant COMSYS also seeks dismissal under Rule 12(b)(1) of the Title VII claim asserted against it, arguing that this court lacks subject matter jurisdiction over such claim. It has withdrawn its Rule 12(b)(2),(4), and (5) motions to dismiss, and the court will note the withdrawal to provide a clear record.

## II. Discussion

A. **Applicable Standards**

1. **Rule 12(b)(1)**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff.

Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### 2.    Rule 12(b)(6)

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might

later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

### 3. Pro Se Litigants

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of Twombly and Bass, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

### B. Defendants Motion to Dismiss the Title VII Claim

Defendant s have moved to dismiss plaintiff's Title VII claims. While the numbered claims of the Amended Complaint clearly concern disability related claims under the ADA, the Amended

Complaint also contains allegations concerning sexual harassment and hostile work environment. See Am. Compl. ¶ (D)(1)(a)(1).

Review of the charge of discrimination attached to the Amended Complaint reveals that plaintiff did not administratively allege any Title VII violation in her EEOC Charge. As a matter of law, she did not exhaust her administrative remedies as to any Title VII claim prior to filing this lawsuit. See Am. Compl. Ex. 2.

> Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.

Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124 (4th Cir. 2002).

To the extent plaintiff has asserted any Title VII claims in her Amended Complaint, those will be dismissed in accordance with Rule 12(b)(1) as this court lacks subject matter jurisdiction over those claims.

### C. The Individual Defendants' Motions to Dismiss

The court has considered the employee defendants' Motion to Dismiss Plaintiff's Amended Complaint (#4) and the former employee's Motion to Dismiss Plaintiff's Amended Complaint (#22). In both motions, such defendants correctly point out that plaintiff has improperly included them in this ADA and Title VII action. In Lissau v. Southern Food Service, Inc.,159 F.3d 177 (4th Cir. October 28, 1998), the Court of Appeals for the Fourth Circuit held that a supervisory employee is not an "employer" subject to Title VII liability. Similarly, individuals may not be held liable under the ADA:

> Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA.

Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999). See Also Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) ("Personal liability would place a heavy burden on

those who routinely make personnel decisions for enterprises … and we do not read the [ADEA] as imposing it."); Swaim v. Westchester Academy, Inc., 170 F. Supp. 2d 580, 583 (M.D.N.C. 2001) ("[I]ndividual defendants do not face personal liability under the Americans with Disabilities Act.").

The court will, therefore, dismiss all claims asserted against all the individual defendants.

### D. Motions Concerning Defendant COMSYS's Affirmative Defenses and Counterclaims

The court has also considered plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Defendants' Affirmative Defenses (#47) and Defendant COMSYS's Motion to Strike (#51) plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Defendants' Affirmative Defenses. Plaintiff has provided no cognizable legal reasons for either dismissing Defendant COMSYS's counterclaims or striking its affirmative defenses. Instead, plaintiff has attempted to argue the merits of those claims and defenses. Plaintiff's motion will, therefore, be denied, and Defendant COMSYS's motion will be granted.

### E. Other Pending Motions

The following motions were all ripe for disposition, but were not noticed for hearing on April 27, 2011: plaintiff's Motion for Oral Argument (#40); Defendant COMSYS's Motion for Judgment on the Pleadings (#57); plaintiff's Motion for Leave to File Second Amended Complaint (#61); and plaintiff's Motion for Temporary Injunction (#71). As discussed above, the Motion for Oral Argument (#40) will be denied as moot, and the *second* Motion for Temporary Injunction (#71) will be denied as it is without any basis.

Defendant COMSYS's Motion for Judgment on the Pleadings (#57) and plaintiff's

Motion for Leave to File Second Amended Complaint (#61) have not been reached. As such motions cover common ground, the court will refer those motions to Judge Cayer for consideration and conducting whatever further proceedings he deems appropriate.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) corporate defendants' Motion to Dismiss Plaintiff's Amended Complaint (#4) and defendant Karla Meador's Motion to Dismiss Plaintiff's Amended Complaint (#22) are **ALLOWED,** and

   (A) to the extent plantiff has asserted any Title VII claims in her Amended Complaint, those claims are **DISMISSED** in accordance with Rule 12(b)(1) as this court lacks subject matter jurisdiction over those claims;

   (B) the claims asserted against the individual defendants in this matter are **DISMISSED** with prejudice, and such individual defendants are dismissed from this action;

   (C) the Rule 12(b)(2), (4), & (5) motions to dismiss asserted by Defendant COMSYS are noted as having been implicitly **WITHDRAWN** in Defendant COMSYS IT Partners, Inc.'s "Acceptance of Service" (#34) ;

(2) plaintiff's Motion for Oral Argument (#40) is **DENIED** as mooted by the court's allowance of a hearing on April 27, 2011;

(3) plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Defendants' Affirmative Defenses (#47) is **DENIED** and are stricken as improvidently filed;

(4) the corporate defendant's Motion to Strike (#51) plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Defendants' Affirmative

Defenses is **GRANTED**;

(5) Defendant COMSYS's Motion for Judgment on the Pleadings (#57) is **REFERRED** to Judge Cayer;

(6) plaintiff's Motion for Leave to File Second Amended Complaint (#61) is **REFERRED** to Judge Cayer; and

(7) plaintiff's Motion for Temporary Injunction (#71) is **DENIED**.

Signed: May 16, 2011

Max O. Cogburn Jr.
United States District Judge