# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv72

| | |
|---|---|
| JENNIFER MARIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| COMSYS IT PARTNERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on plaintiff's *pro se* "Objections to Order Dated May 16, 2011" (#78). Objections are not permitted under Rule 72, Federal Rules of Civil Procedure, to an Order entered by an Article III judge; instead, the court deems such motion to be a Motion for Reconsideration under Rules 59(e) and/or Rule 60(b).

In moving to reconsider, plaintiff appears to contend that the court's previous Order (#76) is wrong because it is inconsistent with comments or questions by the court during the course of oral arguments. She contends that the court should not have dismissed the lawsuit as to the five individual defendants based on comments made during the hearing and because Honorable David S. Cayer, United States Magistrate Judge, subsequently allowed her to amend her complaint.

As the court believes it made clear in the previous Order, plaintiff simply cannot, as a matter of well-settled law, maintain federal employment discrimination claims against anyone other than her employer. <u>Baird v. Rose,</u> 192 F.3d 462, 472 (4th Cir. 1999). Fellow employees and even supervisory employees are not amenable to suit under federal employment discrimination laws. <u>Lissau v. Southern Food Service, Inc.</u>, 159 F.3d 177 (4th Cir. 1998). No amendment to her complaint could change the law and the individual

-1-

defendants were entitled to the dismissal they sought and received.

As to comments made from the bench, as well as the meaning any party may have taken from comments or questions asked by the court, such are ultimately without consequence as the court did not rule from the bench; rather, as the court believes it stated, it would review all the pleadings in light of the arguments and then issue a written decision, which it did two weeks after the hearing. The court found that the "Motion for Judgment on the Pleadings (#57) and plaintiff's Motion for Leave to File Second Amended Complaint (#61) . . . . cover common ground." Order (#76), at pp 10-11. Consistent with that decision, Judge Cayer entered an Order allowing plaintiff an opportunity to amend her complaint, which was intended to allow plaintiff one final opportunity to state facts that could plausibly support her discrimination claims against her former employer in light of her contention (made outside of her complaint) that she was under duress when she released her claims, despite the fact that she had not returned a substantial cash settlement to her employer. If the plaintiff was under the impression that none of her claims or none of the defendants would be dismissed, the court regrets that plaintiff was left with that impression.

While the court will allow the motion to reconsider, such review reveals that the Order is completely consistent with law and provides plaintiff with a full and fair opportunity to allege plausible facts supporting her federal employment discrimination claims. The court will deny the relief sought and reaffirm its earlier Order.

* * *

It is clear to the court that plaintiff is trying in good faith to understand the judicial process. While the court notes and appreciates that she brought a friend with her to court to assist her with the hearing, she is again advised that she should consult with a lawyer or seek legal assistance from a legal aid attorney.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's "Objections to Order Dated May 16, 2011" (#78) is **DEEMED** to be a Motion for Reconsideration under Rules 59(e) and/or 60(b), and is **GRANTED**; having reconsidered the Order in light of the motion and response, and finding no basis to alter its decision, the court **REAFFIRMS** its earlier Order (#76) and **DENIES** the relief requested by plaintiff.

Signed: June 27, 2011

Max O. Cogburn Jr.
United States District Judge